UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Publix Super Markets, Inc. ("Defendant") doing business as Publix supermarket at Douglas Grand for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.  Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.  Defendant Publix Super Markets, Inc. is a Florida for profit corporation. Publix Inc. is a privately held corporation which is owned in part by past and current employees as well as the Jenkins family[1]. In February 2020, Publix was named one of *Fortune*'s 100 Best Companies to Work For, ranking No. 39. They are one of only eight companies who have made the list every year since Fortune began compiling its list in 1998.

6.  Defendant is the lessee of real property located at 1500 S. Douglas Road, Coral Gables, Florida 33134, which is also referenced as the Douglas Grand with the address 50 Menores Avenue. The Douglas Grand is a mixed use building wherein floors 4 through 14 consist of privately owned condominium units and bottom portion of the building consists of commercial property, of which a portion is leased to Defendant, who in turn has operated a supermarket under the "Publix" brand.

## FACTS

7.  Publix supermarkets sell general grocery items and have specialized departments for produce, meat and seafood, baked goods. Many Publix supermarkets have attached pharmacy departments, and liquor stores. Publix is one of the largest U.S. regional grocery chains, stores located in Florida, Georgia, Alabama, South Carolina, Tennessee, North Carolina, and Virginia. All Publix supermarkets are places of public accommodation

---

[1] Publix was founded by George Jenkins in 1930.

pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Publix supermarket located at 1500 S. Douglas Road which is the subject of this complaint is also referenced as "Publix supermarket," "Publix supermarket at Douglas Grand," "supermarket," or "place of public accommodation."

8.  As the operator of grocery store/supermarkets which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9.  Due to the close proximity to Plaintiff's home to the Publix supermarket at Douglas Grand, on May 19, 2021 Plaintiff went to the Publix supermarket with the intent of purchasing grocery items.

10. On entering the Publix supermarket, Plaintiff had difficulty parking and perambulating to the supermarket entrance due to the excessive slope of the parking area. Further, while Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities and non-complaint parking area, Plaintiff has been denied full and equal access by the operator of the supermarket (Defendant Publix Super Markets, Inc.).

12. On information and belief, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its supermarkets. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Publix supermarket at Douglas Grand is fully accessible is/was willful, malicious, and oppressive

and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. Plaintiff continues to desire to patronize the Publix supermarket at Douglas Grand, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

15. Any and all requisite notice has been provided.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

17. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

    42 U.S.C. §12101(b)(1)(2) and (4).

 19. Prior to the filing of this lawsuit, Plaintiff personally visited the Publix supermarket at Douglas Grand, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers on entry and when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

 20. Defendant, the operator of Publix supermarket at Douglas Grand, has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Publix supermarket at Douglas Grand, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

 21. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Publix supermarket at Douglas Grand.

 22. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

 23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. The commercial space which houses the Publix supermarket at Douglas Grand is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, Defendant is discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. Plaintiff could not perambulate to the entrance of the supermarket due to the failure to provide accessible means of egress from the parking spaces to the supermarket. The accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions

   ii. Plaintiff could not enter the lavatory without assistance, as the required maneuvering clearance was not provided on the pull side of the door. The restroom door does not provide the required maneuvering clearance due to the stall partitions. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

iii. Plaintiff could not use the toilet without assistance, as the toilet is mounted in a non-compliant distance from the sidewall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall (to the center line of toilet). The secondary side wall mount shall be either mounted 18 min (455 mm) from the side wall (to the center line of toilet) or min (1065 mm) from the secondary side wall (to the center of the toilet).

iv. Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

v. Plaintiff could not use the lavatory mirror without assistance, as the lavatory mirror (inside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

    vi.    Plaintiff could not use the lavatory sink (outside the stall) without assistance, as it does not provide knee clearance since the trash bin under the counter encroaches over the required knee clearance. This is a violation of Section 4.19.2, 4.2.4 of the ADAAG and Section 606.2, 305.3 of the 2010 ADA Standards for Accessible Design.

    vii.    Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

25. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make the Publix supermarket at Douglas Grand commercial space accessible to persons with disabilities since January 28, 1992. Defendant failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Publix Super Markets, Inc. (lessee and operator of Publix supermarket at Douglas Grand) and requests the following relief:

    a)    The Court declare that Defendant has violated the ADA;

    b)    The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

      c)      The Court enter an Order requiring Defendant to alter the commercial property and Publix supermarket at Douglas Grand such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)      The Court award reasonable costs and attorneys fees; and

      e)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*